IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KAELAH TRUCKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO: |
| v. | ) _____ |
| | ) |
| FIRST ADVANTAGE | ) |
| BACKGROUND SERVICES | ) |
| CORP., | ) |
| | ) |
| Defendant. | |

## COMPLAINT

## PRELIMINARY STATEMENT

1. In the summer of 2024, Plaintiff Kaelah Trucke ("Ms. Trucke" or "Plaintiff") applied for a job as an overnight department supervisor with Lowe's. Lowe's hired Ms. Trucke pending her successful completion of a background check. Shortly after it offered Ms. Trucke the position, Lowe's purchased a consumer report from Defendant First Advantage Background Services Corp. ("Defendant") on Ms. Trucke to evaluate her for employment purposes.

2. Once Lowe's received Defendant's consumer report, it told Ms. Trucke that it was not moving forward with its offer because of a felony conviction Defendant reported in its consumer report.

3. But Ms. Trucke does not have a felony conviction. The public court record confirms that Ms. Trucke has no felony.

4. To try to correct the consumer report, Ms. Trucke filed a dispute with Defendant. But Defendant doubled down on its error and told Ms. Trucke that it had verified the information as accurate, despite the court record showing that Ms. Trucke has no felony.

5. Ms. Trucke brings these claims against Defendant for multiple violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant's principal office is located in this district and division, Defendant regularly conducts business in this district and division, and a substantial part of the events giving rise to the claims occurred in this district and division.

8. Defendant is headquartered in Georgia and it has contracted to supply services or things in Georgia. It sells consumer reports in Georgia and produces consumer reports on Georgia residents. Defendant also gathers and maintains substantial public records data from Georgia.

## PARTIES

9. Ms. Trucke is a natural person, a resident of Oregon, and a "consumer" as protected and governed by the FCRA.

10. Defendant is a Florida corporation that conducts business throughout the United States, and its principal office is located in Atlanta, Georgia.

11. At all relevant times hereto, Defendant has been a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

12. In the summer of 2024, Ms. Trucke applied for a position with Lowe's as an Overnight Department Supervisor.

13. Lowe's hired Ms. Trucke pending her successful completion of a consumer report, and Ms. Trucke signed an offer letter acknowledging as much.

14. In July, Lowe's purchased a consumer report from Defendant about Ms. Trucke.

15. The consumer report that Defendant furnished was to be used for employment purposes.

16. A day later, Defendant furnished its consumer report to Lowe's.

17. Shortly after receiving Defendant's consumer report, Lowe's informed Ms. Trucke that she would not be able to begin employment because of the felony Defendant reported in its consumer report.

18. Upon review of Defendant's consumer report, Ms. Trucke discovered that Defendant had reported her as having a "felony" conviction in February 2010 for which she received "Probation 24 Months; fine and Costs 2174.42 Paid."

19. Defendant's reporting was inaccurate.

20. Ms. Trucke does not have a felony conviction.

21. Defendant should have known that its consumer report was inaccurate, as the Oregon Judicial Department's public records state that on May 7, 2012, the court had "convert[ed] conviction to misdemeanor."

22. To try to correct Defendant's error, the next day, Ms. Trucke filed a dispute with Defendant about its error.

23. Several weeks later, Defendant responded to Ms. Trucke's dispute.

24. In its response, Defendant told Ms. Trucke that it had "completed our reinvestigation of the disputed information and have verified that the information

provided on the background report was reported accurately. Therefore, no change has been made to the background report originally produced."

25. Even though the public court docket shows that Ms. Trucke was not convicted of a felony, Defendant still refused to correct its inaccurate reporting.

26. And while Ms. Trucke's dispute was pending with Defendant, Lowe's informed Ms. Trucke that it would not be moving forward with her employment.

27. Thus, Ms. Trucke was stuck. She could not move forward with employment, nor could she get Defendant to correct her consumer report even though it was inaccurate.

## FIRST CLAIM FOR RELIEF

## (15 U.S.C. § 1681e(b))

28. Plaintiff realleges Paragraph Nos. 1-27 as if fully set forth herein.

29. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff.

30. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

31. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

32. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

33. Defendant's violation of the FCRA was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

34. Because of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described on her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation, and other emotional and mental distress

## SECOND CLAIM FOR RELIEF

### (15 U.S.C. § 1681i(a))

35. Plaintiff realleges Paragraph Nos. 1-27 as if fully set forth herein.

36. After Plaintiff submitted his dispute, Defendant violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's file.

37. After Plaintiff submitted her dispute, Defendant violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

38. After Plaintiff submitted her dispute, Defendant violated 15 U.S.C. § 1681i(a)(5) by failing to promptly record the current status of the disputed information or delete the disputed inaccurate information from Plaintiff's file.

39. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

40. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

41. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

42. Defendant's violation of the FCRA was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

43. Because of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described on her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation, and other emotional and mental distress

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

    a.    An award of actual, statutory and punitive damages;

    b.    An award of pre-judgment and post-judgment interest as provided by law;

    c.    An award of attorney's fees and costs; and

    d.    Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

DATED: August 28, 2024

                                By: /s/ Andrew Weiner
                                    Jeffrey B. Sand
                                    Ga. Bar No. 181568
                                    Andrew L. Weiner

Ga. Bar No. 808278
WEINER & SAND LLC
800 Battery Avenue SE
Suite 100
Atlanta, GA  30339
(404) 205-5029 (Tel.)
(866) 800-1482 (Fax)
js@wsjustice.com
aw@wsjustice.com

*Counsel for Plaintiff*